Samuel A. Smith was indicted at the October term for 1849, of the Circuit court for the county of Henrico *Page 594 
and city of Richmond, for advising and aiding a certain slave named Sawney, the property of Caroline M. Christian, to abscond from his mistress.
The prisoner being arraigned, filed a plea of autrefoisconvict, to which the attorney for the Commonwealth demurred, and the Court sustained the demurrer. The ground of the plea was that the prisoner had been tried at the same term of the Court, for advising, enticing and persuading a certain slave name Alfred, the property of William G. Overton, to abscond from his master. And also for aiding the same slave to escape. That the offence was the same; not two offences of the same kind, but one offence of advising, c., and aiding both slaves at the same time, by the same means, to escape. And that he had been convicted on the first trial, and sentenced to four years imprisonment in the penitentiary.
The demurrer to the plea having been sustained, the prisoner pleaded "not guilty;" and a juror, Samuel Ayres was called, who, upon his voir dire, stated "that he had read the evidence against the prisoner as it had been reported in the newspapers; was not certain he had read all the evidence so reported; but from what he had read, he had made up a decided opinion that the prisoner was guilty, which still rested upon his mind, and was still fresh and decided. But if sworn as a juror in this case he should feel bound, as far as possible, to discard his present opinions; and he felt, satisfied that he could discard them, and that they would have no influence upon his mind; and that he could give the prisoner a fair trial, without any unfavourable effect from what he had read, according to the law and testimony which might be brought before the jury." The prisoner objected to the juror as incompetent, but the Court overruled the objection, and the prisoner by his counsel excepted. *Page 595 
Another juror, B. F. Cochran, was called, who stated "that he had been called as a venireman upon the trial of the prisoner, during the present term, under an indictment for advising and aiding a slave Alfred, the properly of William G. Overton, to abscond, at the same time when he is charged with having advised and aided the slave Sawney, named in the indictment in this case as the property of Caroline M. Christian, to abscond. That he, the said Cochran, was among those received on the panel for the trial of the prisoner, under the said former indictment, and was stricken from the said panel by the prisoner." He also stated "that he had read a part of the evidence reported in the newspapers, but had formed no decided opinion in relation to the prisoner's case." The prisoner objected to the juror as incompetent, but the Court overruled the objection, and the prisoner again excepted.
A third venireman, G. W. Royster, was called, and stated "that he had read a part of the evidence as published in the newspapers; and had made up a decided opinion from what he had read; and that the recollection of that impression was still fresh upon his mind. And that he would, if evidence to the same effect should be given in Court, and none other was introduced on the trial, find the prisoner guilty. But that he is satisfied that he could decide as fairly upon the case as though he had never read or heard a word about it. And that what he had read or heard would have no influence upon his mind." The prisoner objected to him as a juror; but the Court overruled the objection, and the prisoner again excepted.
On the trial of the case the witnesses on both sides having spoken of a former trial of the prisoner in the same Court, a few days before, under an indictment for advising and aiding a certain slave named Alfred, the property of William G. Overton, to abscond, and the *Page 596 
record of the trial, conviction and judgment in that case being produced in evidence by the prisoner, which record is the same referred to in the prisoner's plea of autrefoisconvict, the prisoner moved the Court to instruct the jury, that "if they should believe from the evidence and pleadings in this cause, that the offence for which the prisoner was put on his trial, depended on the same act, and was supported in proof by the same evidence, on which the offence charged against him in the indictment for a felony in the case of Alfred, the property of William G. Overton, rested, and the verdict of guilty in that case was procured, then they should find in this case a verdict of acquittal."
The Court declined to give the instruction in the terms asked by the prisoner, but informed the jury that the Court had already decided in this cause, that the record aforesaid, of the trial, conviction and sentence of the prisoner for the offence of advising and aiding the slave Alfred, the property of William G. Overton, to abscond, could not be received or regarded as sustaining a plea in bar offered by the prisoner, of a former conviction of the offence charged by the indictment in the present case, for aiding and advising the slave Sawney, the property of Caroline M. Christian, to abscond. And instructed the jury that whilst they had the power to acquit the prisoner, if they were satisfied upon the evidence, that the offence charged in the present case was the same offence for which he had been already convicted; yet, that under the pleadings in this cause, notwithstanding much of the evidence in this case may be the same given on the former trial, yet they cannot consider the prisoner as having been previously tried and convicted for the advising and aiding the slave Sawney to abscond, as charged in the indictment in this case, by proof either of witnesses or by the record that he was convicted of a different offence; namely, *Page 597 
of advising and aiding Alfred, the slave of William G. Overton, although this last offence may have been committed in the same manner, and at the same time and place, as may have been alleged and proved in the present case, in reference to the slave Sawney. To which opinion of the Court the prisoner excepted.
The jury found the prisoner guilty, and fixed the term of his imprisonment in the penitentiary, at two years; and the Court sentenced him accordingly: The term of two years to commence upon the expiration of his imprisonment under another sentence pronounced against him at the same term upon the conviction of the prisoner for another felony. Whereupon, the prisoner applied to this Court for a writ of error, which was awarded.
The judgment is affirmed.